# In the United States Court of Federal Claims

No. 17-1749C

(Filed: March 12, 2018)

| | |
|---|---|
| **************************************** * | |
| | * |
| ACI-SCC JV, | * |
| ACI-SCC JV LLC, | * |
| ADVANCE CONSTRUCTORS | * Dismissal With Prejudice; |
| INTERNATIONAL LLC, and | * Motion to Intervene; Privity of |
| ARWAND ROAD AND CONSTRUCTION | * Contract; Mootness; Army |
| COMPANY, | * Corps of Engineers; ASBCA; |
| | * Contract Disputes Act, 41 |
| Plaintiffs, | * U.S.C. § 7104; Anti- |
| | * Assignment Act, 41 U.S.C. § |
| v. | * 6305; Trusteeship; Judicial |
| | * Assignment of Rights; Federal |
| THE UNITED STATES, | * Preemption. |
| | * |
| Defendant. | * |
| | * |
| **************************************** * | |

*Walt Pennington*, Pennington Law Firm, San Diego, California, for Plaintiff Arwand Road and Construction Company.

*Michael D. Austin*, with whom were *Chad A. Readler*, Acting Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Misha Preheim*, Assistant Director, Commercial Litigation Branch, U.S. Department of Justice, Washington, D.C., for Defendant.

*Donald C. Holmes*, Holmes Pittman & Haraguchi, LLP, Greensboro, Maryland, for Plaintiff-Intervenors ACI-SCC JV and ACI-SCC JV LLC.

## OPINION AND ORDER

WHEELER, Judge.

In this conundrum of a case, Plaintiff Arwand Road and Construction Company ("Arwand"), acting as Trustee for Plaintiff-Intervenors ACI-SCC JV, ACI-SCC JV LLC (together, "the JV"), and Plaintiff Advance Constructors International LLC ("ACI"), brings

suit in this Court against the United States Army Corps of Engineers ("USACE"), demanding payment for breach of contract, satisfaction of accords, and alleging economic duress and a breach of USACE's duty of good faith and fair dealing.  The JV opposes Arwand's lawsuit in its entirety, and it is unclear how Plaintiff ACI factors into the case, if even at all.  While the parties' posture in this case is unlike anything the Court has seen, the legal conclusion is straightforward:  this case ended on April 19, 2016 when the Armed Services Board of Contract Appeals ("ASBCA") dismissed it with prejudice, and Arwand lost its right to file its complaint in this Court after it decided to file a near-identical petition at the ASBCA first.  Moreover, any remaining state law issues that may be lingering are to be resolved in state court, not in the U.S. Court of Federal Claims.  For these reasons, as well as additional reasons set forth below, this case is ordered DISMISSED.

Background[1]

Between 2008 and 2016, the United States entered into a series of contracts with various contractors to perform construction projects in Afghanistan.  Compl. ¶ 25.  The JV was awarded ten of these contracts through USACE.  Id. ¶ 7.  In July 2011, the JV entered into a subcontract with Arwand on contract number W5J9JE-10-D-00017, task order 0013.  Id. ¶¶ 8, 32.  Arwand provided services on the contract and submitted timely invoices for payment in accordance with the subcontract's terms.  Id. ¶¶ 33–34.  Arwand alleges that the JV failed to pay Arwand's invoices in a timely manner pursuant to the Prompt Payment Act, 39 U.S.C. § 3901, and that the JV claimed it could not pay Arwand because it had not been paid by the United States.  Compl. ¶¶ 35–36.

After many subcontractor inquires to USACE's Contracting Officer ("CO") over the JV's nonpayments and a series of email and letter exchanges among the JV, Arwand, and the CO, the United States canceled the JV's contracts for default or convenience in the summer of 2012.  Id. ¶¶ 37–42.  The JV and ACI separately appealed the CO's decision to the ASBCA.  Id. ¶¶ 44–45.  While the JV's appeal remained pending before the ASBCA, its certificate of formation was canceled and forfeited on May 7, 2015 by the Delaware Secretary of State.  Id. ¶ 47.  ACI's certificate was likewise canceled and forfeited on September 23, 2015.  Id. ¶ 48.

On October 8, 2015, the ASBCA dismissed ACI's appeals with prejudice, noting that the dispute had settled.  See Dkt. No. 5, at Ex. 23.  On February 12, 2016, the United States entered into a settlement agreement with the JV with respect to its canceled contracts, one of which is at issue in this case.  Compl. ¶ 57.  On April 19, 2016, the ASBCA dismissed the JV's appeals with prejudice pursuant to the parties' settlement agreement.  See Dkt. No. 5, at Ex. 23.  On May 23, 2016, Arwand sued the JV and ACI in the U.S. District Court for the District of Delaware for damages due under the contract as a result of the JV's failure to pay Arwand under its subcontract.  Compl. ¶ 58.  The District Court

---

[1] The Court draws the facts as stated in the Background section of this Opinion from Arwand's complaint, cited herein as "Compl."

entered judgment in favor of Arwand against the JV and ACI jointly and severally on November 9, 2016 in the amount of $2,288,262.11, plus interest at a rate of 5.62 percent, and made a judicial assignment of contractual rights to Arwand.  Id. ¶¶ 64–65; Dkt. No. 5, at Ex. 21.

On January 25, 2017, Arwand filed a petition at the ASBCA asserting essentially the same claims it asserts in its complaint before this Court.  See Dkt. No. 5, at Ex. 23. Two months later, on March 29, 2017, Arwand filed a motion to voluntarily dismiss its petition without prejudice, which the ASBCA granted on April 21, 2017.  See Dkt. No. 5, at Ex. 24.  On July 14, 2017, the Delaware Court of Chancery appointed Arwand as Trustee over the assets of the JV and ACI.  See Compl. ¶ 68; see also Dkt. No. 5, at Ex. 25.

Procedural History

Arwand filed its complaint in this Court acting as Trustee for the JV and ACI on November 7, 2017.  Dkt. No. 1.  Approximately one month later, Arwand filed a partial motion for summary judgment on Count I of its complaint, demanding satisfaction from the Government following accord.  Dkt. No. 5.  Arwand supplemented its partial motion for summary judgment on January 31, 2018, providing to the Court a copy of a judicial assignment order from the U.S. District Court for the District of Delaware, dated January 23, 2018, that assigned all contractual rights from the JV and ACI to Arwand.  See Dkt. No. 12, at Ex. 1.

On February 27, 2018, separate counsel for the JV filed a motion to intervene in the case.  Dkt. No. 13.  In its motion to intervene, the JV asserts that Arwand has acted unlawfully and without any rights in attempting to bring this case before the Court on behalf of the JV and ACI.  See Dkt. No. 13, at 1–2.  In its subsequently filed motion to dismiss, the JV alleges that Arwand has acted fraudulently in bringing this case and that Plaintiff ACI is in no way connected to the JV or to the contract purportedly at issue here.[2] See Dkt. No. 14, at 4.  The JV has made clear that it does not wish to see this case move forward and that dismissal is proper.  See Dkt. No. 14, at 13.

The Court granted the JV's motion to intervene on February 28, 2018, Dkt. No. 17, and Arwand filed a motion for reconsideration shortly thereafter, Dkt. No. 18.  On March 5, 2018, the Court held a telephonic status conference with counsel for Arwand, the JV, and the Government.  While the Government has yet to file any pleadings in this case, the Court does not deem any further filings necessary in order to reach its decision, to which the Court now turns.

---

[2] To date, ACI's role in this complicated web of events and whether it should even be a named party in the present case remain unclear.

<u>Discussion</u>

Courts have no subject matter jurisdiction over moot claims.  <u>See</u> <u>CW Gov't Travel, Inc. v. United States</u>, 46 Fed. Cl. 554, 556 (2000) (citing <u>North Carolina v. Rice</u>, 404 U.S. 244, 246 (1971)).  Therefore, the Court's analysis of a mootness argument is substantially the same as it would be for a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1).  <u>See</u> <u>Tech. Innovation, Inc. v. United States</u>, 93 Fed. Cl. 276, 278 (2010).  When a defendant or intervenor files a motion under RCFC 12(b)(1), the Court must "assume all factual allegations to be true and . . . draw all reasonable inferences in plaintiff's favor."  <u>Wurst v. United States</u>, 111 Fed. Cl. 683, 685 (2013) (quoting <u>Henke v. United States</u>, 60 F.3d 795, 797 (Fed. Cir. 1995)).  However, a plaintiff must establish that jurisdiction exists "by a preponderance of the evidence."  <u>Id.</u> (citing <u>Reynolds v. Army & Air Force Exch. Serv.</u>, 846 F.2d 746, 748 (Fed. Cir. 1988)).

Arwand's claims are moot because the ASBCA dismissed this case with prejudice on April 19, 2016.  Moreover, mootness aside, the Court of Federal Claims is not the proper forum for Arwand to be litigating this case, as Arwand already pled these same allegations at the ASBCA and thus, lost its right to bring suit in this Court.  Finally, federal preemption precludes the Court from hearing any state law issues that may remain among Arwand, the JV, and ACI.  Those issues should be litigated in state court, not in the Court of Federal Claims.

A. <u>Arwand's Claims are Moot Because the ASBCA Already Dismissed This Case With Prejudice.</u>

As the timeline of events laid out above makes clear, the Government terminated the JV's contracts to perform construction work in Afghanistan in 2012.  At the time of contract termination and the JV's subsequent appeal to the ASBCA, Arwand had not yet been appointed trustee and remained a subcontractor to the specific contract at issue in this case.  That same posture remained when the ASBCA both entered into a settlement agreement with the JV in February 2016 and ultimately dismissed this case with prejudice on April 19, 2016:  regardless of any lack of capacity of the JV, Arwand was merely a subcontractor with no rights, privity, or standing to sue the Government over the prime contract.  <u>See</u> <u>Erickson Air Crane Co. of Washington v. United States</u>, 731 F.2d 810, 813 (Fed. Cir. 1984) ("It is hornbook rule that, under ordinary government prime contracts, subcontractors do not have standing to sue the government under the Tucker Act."); <u>see also</u> <u>Anderson v. United States</u>, 344 F.3d 1343, 1351 (Fed. Cir. 2003) (holding that a plaintiff must be in privity of contract with the United States in order to have standing to sue the Government on a contract claim).

If Arwand had qualms over the JV's lack of capacity at the time the ASBCA dismissed this case in 2016, it should have done exactly what it did:  bring suit against the JV, not the U.S. Government, in an appropriate district court.  That suit should have ended

4

this matter.  While Arwand has been unable to obtain its $2,288,262.11 (plus interest) judgment from the JV and ACI as ordered by the U.S. District Court for the District of Delaware, this unfortunate reality does not give Arwand an unfettered right to walk into any court it pleases to make further attempts at recovering its judgment.  This case has been settled for almost two years, and Arwand has no rights to relitigate it.

      B.  <u>Arwand Lost Its Right to Bring Suit in This Court.</u>

      Notwithstanding the fact that Arwand's claims are moot, Arwand also lost its right to litigate this case in the Court of Federal Claims by asserting the same claims at the ASBCA first in January 2017.  The Contract Disputes Act ("CDA") states, in relevant part, that

> [a] contractor, within 90 days from the date of receipt of a contracting officer's decision under section 7103 of this title, may appeal the decision to an agency board as provided in section 7105 of this title. . . . [I]n lieu of appealing the decision of a contracting officer under section 7103 of this title to an agency board, a contractor may bring an action directly on the claim in the United States Court of Federal Claims, notwithstanding any contract provision, regulation, or rule of law to the contrary.

41 U.S.C. §§ 7104(a), (b)(1).  While there remains a question over whether Arwand even had a right bring its claim before the ASBCA to begin with—a question this Court need not address for reasons explained below—courts have interpreted the above provision of the CDA to provide a contractor with an "either-or choice of forum," meaning that a contractor is barred from filing in one forum if it chooses to file in the other forum first.  <u>See</u> <u>Bonneville Assocs. v. United States</u>, 43 F.3d 649, 653 (Fed. Cir. 1994) ("[O]nce a contractor makes a binding election to appeal the CO's final decision to a board of contract appeals or to the Court of Federal Claims [under the CDA], the contractor can no longer pursue its claim in the other forum." (citing <u>National Neighbors, Inc. v. United States</u>, 839 F.2d 1539, 1542 (Fed. Cir. 1988))).  Here, Arwand decided to file its claims at the ASBCA on January 25, 2017.  <u>See</u> Dkt. No. 5, at Ex. 23.  When it filed those claims, it once again had not yet been appointed trustee and was nothing more than a subcontractor to a prime government contract with no rights to sue the U.S. Government.  Putting aside any potential standing issues these facts may have brought about at the ASBCA, by deciding to file its claims at the ASBCA first, Arwand, whether it realized it or not, precluded itself from filing those same claims in this Court.[3]  Arwand's voluntary dismissal of its claims at the

---

[3] The Court is aware that Arwand's election to file its claims at the ASBCA before filing at the Court of Federal Claims is not binding if the ASBCA lacked jurisdiction to hear Arwand's appeal in the first place, pursuant to the Federal Circuit's holding in <u>National Neighbors, Inc. v. United States</u>, 839 F.2d 1539 (Fed. Cir. 1988).  However, this Court need not address whether jurisdiction at the ASBCA over Arwand's appeal

ASBCA without prejudice in March 2017 does nothing to change this reality.  The deed has been done, and Arwand cannot now circumvent this preclusion by asserting trustee and assignment rights granted to it under state law in July 2017, four months after it voluntarily dismissed its claims at the ASBCA.

      C.   <u>Any Remaining State Law Issues Should Be Resolved in State Court.</u>

Further, Arwand attempts to upend federal contracting law by asserting trustee and assignment rights granted to it under Delaware state law.  The Delaware Court of Chancery appointed Arwand as Trustee over the assets of the JV and ACI on July 14, 2017, <u>see</u> Dkt. No. 5, at Ex. 25, and the U.S. District Court for the District of Delaware judicially assigned all contractual rights from the JV and ACI to Arwand on January 23, 2018.  <u>See</u> Dkt. No. 12, at Ex. 1.

It is true that a judicial assignment of rights from a federal court is recognized as an exception to the Anti-Assignment Act, 41 U.S.C. § 6305, which prohibits a prime government contractor from assigning rights to another party without the Government's consent.  <u>See</u> <u>Keydata Corp. v. United States</u>, 504 F.2d 1115, 1118 (Ct. Cl. 1974).  However, Arwand's judicial assignment of rights took place well after the ASBCA originally dismissed this case on April 16, 2016 *and* after Arwand voluntarily dismissed its own petition at the ASBCA in March 2017.  Arwand cannot now use its fairly recent judicial assignment to reopen a contract dispute that has been definitively closed—with prejudice—for two years.  Likewise, even if the Government wanted to consent to this assignment pursuant to the Anti-Assignment Act, it could not because the contract at issue is foreclosed and any issues surrounding it have been settled.  Finally, whatever rights Arwand purports to have under Delaware state law as the JV and ACI's Trustee must be asserted in Delaware state court—not in the U.S. Court of Federal Claims—as federal contracting law preempts state trustee law.  <u>See</u> <u>Cipollone v. Liggett Grp., Inc.</u>, 505 U.S. 504, 516 (1992).

Conclusion

For the reasons stated above, the Court DISMISSES this case with prejudice, and all pending motions are to be terminated.  The Clerk is directed to enter judgment accordingly.  No costs.

    IT IS SO ORDERED.

---

was proper because (1) that issue is not before the Court and (2) even if the ASBCA lacked jurisdiction to hear Arwand's appeal, Arwand's claims before this Court are moot regardless, for separate reasons explained in Sections A and C of this Opinion.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge